# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENRY DIXON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　/ | CASE NO. 1:09-cv-01949-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 12) |

## Screening Order

**I.    Procedural History**

　　Plaintiff Clarence Henry Dixon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 28, 2009. On January 31, 2011, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. 28 U.S.C. § 1915A. Plaintiff filed an amended complaint on February 18, 2011.

**II.    Screening Requirement and Standard**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**III.    Plaintiff's Eighth Amendment Claim**

    **A.    Allegations**

In his original complaint, Plaintiff alleged that he contracted Valley Fever in February 2007, one month after he transferred to Pleasant Valley State Prison (PVSP); and that he now has lung disease and will be on medication for the rest of his life.[1] Plaintiff claimed that the California Department of Corrections and Rehabilitation was responsible for his condition.

Plaintiff's amended complaint identifies Warden James A. Yates; Doctors C. Amadi, Diana Coleman, Sean Murray, and Angelica Duenas; and an unspecified number of Does as the defendants. Plaintiff claims that following his transfer to PVSP on or around January 18, 2007, Warden Yates failed to advise him that he faced exposure to Valley Fever, a disease which constituted an imminent

---

[1] Plaintiff is currently incarcerated at Folsom State Prison.

2

danger to his health.  Plaintiff was examined by medical staff upon arrival and cleared to live in general population.  Plaintiff claims Valley Fever caused him injury, and he was subjected to deliberate indifference to his medical needs.  Plaintiff claims Defendants were negligent and contributed to Plaintiff's contraction of Valley Fever, which will cause him harm for the remainder of his life.  Plaintiff also claims the conditions at PVSP are traceable to a policy that violates federal law.

**B.     Discussion**

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement."  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'"  Morgan, 465 F.3d at 1045 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)).  Whether Plaintiff is claiming that the presence or prevalence of Valley Fever at PVSP constituted a danger to his health, that his medical needs were disregarded, or both, he must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him.  E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff's amended complaint is devoid of any factual allegations supporting a claim that prison officials knowingly disregarded a substantial risk of harm to his health or safety.  Farmer, 511 U.S. at 847.  Neither mere negligence, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), nor the bare fact that Plaintiff contracted Valley Fever gives rise to a cognizable claim, Toguchi, 391 F.3d at 1060; and Plaintiff's reliance upon legal conclusions does not support a plausible claim for relief, Iqbal, 129 S.Ct. at 1949-50.  The Court finds that Plaintiff has not state any viable claims under section 1983.

///

**IV.     Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously given notice of the deficiencies and leave to amend, and based on the facts set forth in the amended complaint, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    February 24, 2011**                 /s/ Sandra M. Snyder
                                                                        UNITED STATES MAGISTRATE JUDGE